**UNITED STATES of America,**
**Plaintiff,**

v.

**INTERNATIONAL BUSINESS MA-**
**CHINES CORPORATION,**
**Defendant.**

**No. 69 Civ. 200 (DNE).**

United States District Court,
S. D. New York,
Civil Division.

April 21, 1975.

Dept. of Justice by Raymond M. Carlson, Washington, D. C., for plaintiff.

Cravath, Swaine & Moore, by Thomas D. Barr, New York City, for defendant.

## MEMORANDUM

EDELSTEIN, Chief Judge.

The defendant in this civil antitrust action, International Business Machines Corporation (IBM), has moved the court for an order "pursuant to Rules 36 and 37 of the Federal Rules of Civil Procedure" directing the plaintiff to "submit a new, full and complete response" to certain paragraphs of IBM's Requests for Admissions (Set II) "as written" or, "alternatively, according to the terms of the parties' stipulation dated February 7, 1975." Plaintiff has responded, asserting that it has complied with the obligations imposed upon it by Rule 36 and that the stipulation of February 7, 1975 is invalid. It should be noted that IBM's motion papers do not seek enforcement of the February 7 stipulation; rather the terms of the stipulation are cited as a potential form of relief available if the court decides to order new responses to the Requests for Admissions.

IBM has submitted to the court several affidavits and a memorandum which it seeks leave to file in reply to the Government's papers in opposition to the original motion. It is IBM's motion for leave to file reply papers which is the subject of this memorandum.

The Federal Rules of Civil Procedure and the Rules of the United States Court for the Southern District of New York are silent on the subject of reply papers in the context of motion practice, and a great deal of confusion exists in this area; accordingly, the court deems it appropriate to set forth here its opinion about the proper function of reply papers in motion practice.

The court believes that reply papers should be viewed as the exception and not the rule. Clearly, nothing but delay, unnecessary work, and unwarranted expense can result from the routine filing of reply and, inevitably, surreply papers which do nothing more than restate in a different form or with additional detail material set forth in the moving and opposing papers. It is the experience of this court that most proposed reply papers fall within this category. The court, however, realizes that the exceptional though rare case does arise in which reply papers are appropriate in the interests of justice. It may happen, for example, that the papers in opposition to the motion raise new material issues which the moving party should be allowed to address so as to avoid giving an unfair advantage to the answering party, who was able to argue those unforeseen issues. Therefore, it is necessary for the court to have guidelines to be followed in the case where it appears that there is a substantial reason for allowing a reply.

Henceforth, this court will accept reply papers in this, and every other, case in only two situations. The first is the case in which a party demonstrates to the court that papers to which it seeks to file a reply raise new issues which are material to the disposition of the question before the court. The second situation in which reply papers will be accepted is the case in which the court, after reviewing the moving and opposing papers, determines, sua sponte, that it wishes further briefing of an issue raised in those papers and orders the submission of additional papers. In either case the reply papers must be narrowly confined to the issue which prompted them; repetition of arguments made in prior submissions will not be condoned and is scrupulously to be avoided.

Procedurally, the party seeking to submit reply papers should submit an informal request in writing to

the judge's chambers setting forth the basis for the request, identifying the new issue to which it seeks to reply, and specifying the basis for its belief that that issue is a material one. The proposed reply papers should not accompany the request for leave to submit them. To permit the reply papers to accompany the request, as they do in the instant case, is to enable the requesting party to accomplish its goal of placing the papers before the court, thereby reducing the question of whether the papers should be accepted for filing to relative unimportance. Therefore, the reply papers themselves shall not be submitted until the court, having received and reviewed the application to file, invites them.

■ Defendant's moving papers filed in the original motion underlying the request at issue here set forth IBM's view of the nature and importance of the Requests for Admissions, the inadequacy of plaintiff's responses, and the history of negotiations between the parties on this matter, including the details of the February 7 stipulation and a later document referred to as plaintiff's "Notice," which allegedly sought to modify the Requests. Plaintiff's papers filed in opposition to the motion assert that the Government has fulfilled its obligations under Rule 36 and set forth plaintiff's version of the events surrounding the February 7 stipulation and the later "Notice." Defendant's proposed reply papers continue the dialogue about the stipulation and the Notice. Neither of these issues was raised as a new issue in the Government's answering papers; moreover, neither is material to the disposition of IBM's motion because the resolution of that motion depends not on negotiations between the parties but rather on the obligations imposed by Rule 36. Therefore, these reply papers are not acceptable under the standard outlined above. They will be neither considered nor filed.

■ In its papers filed in opposition to the original motion, the Government asserted that certain of IBM's attorneys engaged in improper conduct. IBM's application for leave to file reply papers is based, at least in part, on the desire of its attorneys to defend themselves against these charges and also to accuse attorneys for the Government of misconduct. Both sides have asked for a hearing on these charges. The court believes that reply and surreply papers filed in the context of defendant's original motion are not the appropriate vehicles for bringing these charges to the attention of the court. However, although the reply papers will not be filed, the court cannot ignore the charges and countercharges of misconduct made here and so will determine whether further proceedings are indicated. It should be noted that any such proceedings will be confined to the charges of professional misconduct and will have no bearing on the merits of the instant motion or this case.